Justin L. Swidler
Richard S. Swartz
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ  08003
Phone: (856) 685-7420

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC DOLCIN**<br>262 West Washington Avenue<br>Clifton Heights, PA 19018<br><br>     **Plaintiff,**<br>  **v.**<br><br>**ROADTEX TRANSPORTATION CORP.**<br>13 Jensen Drive<br>Somerset, NJ 08873<br><br>   and<br><br>**JOHN DOES 1-10**<br>c/o ROADTEX TRANSPORTATION CORP.<br>13 Jensen Drive<br>Somerset, NJ 08873<br><br>    **Defendants.** | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED**<br><br><br><br> Case No: _____<br><br> Judge: _____ |

### INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT

1.  Named Plaintiff Eric Dolcin ("Named Plaintiff"), on behalf of himself and those similarly situated ("Collective Action Plaintiffs" under the FLSA and "Class Plaintiffs" under New Jersey law), by and through undersigned counsel, hereby complains as follows against Defendants Roadtex Transportation Corp., and John Does 1-10 (collectively, "Defendants").

1

## INTRODUCTION

2.      Named Plaintiff initiates the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Collection Law (collectively "New Jersey Wage Laws").      Defendants intentionally failed to compensate Named Plaintiff and Collective Action Plaintiffs for wages earned while in the employ of Defendants.  As a result of Defendants' unlawful actions, Named Plaintiff and Collective Action Plaintiffs have been harmed.

## JURISDICTION AND VENUE

3.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's and Collective Action Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq*.  This Court has supplemental jurisdiction over related state law claims because such claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

4.      This Court has original subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 because at least one Plaintiff and/or at least one putative class member is a citizen of a state other than the state which Defendant Roadtex is a citizen of, the putative class consists of more than 100 class members, and the amount in controversy in the instant action exceeds five million dollars.

5.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial

justice.

6.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## PARTIES

7.    The foregoing paragraphs are incorporated herein as if set forth in full.

8.    Named Plaintiff is an adult individuals residing at the address as provided in the caption.

9.    Defendant Roadtex Transportation Corp. ("Defendant Roadtex") is a New Jersey Corporation who is headquartered at the address as set forth in the caption.

10.    Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Collective Action Plaintiffs proper compensation pursuant to the FLSA.

11.    Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Collective Action Plaintiffs.

12.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant Roadtex.

3

## COLLECTIVE ACTION ALLEGATIONS

13.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14.     Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Collective Action Plaintiffs.

15.     Specifically, Named Plaintiff seeks to represent a nationwide class of all persons who worked or work for Defendant Roadtex as an over-the-road truck driver and who were/are subject to Defendant Roadtex's unlawful pay practices and policies at any point from three years prior to the filing of the instant matter to the present (members of this putative class are referred to as "Collective Action Plaintiffs").

16.     Named Plaintiff's claims are typical of the claims of Collective Action Plaintiffs, because Named Plaintiff, like all Collective Action Plaintiffs, was an employee of Defendant Roadtex whom Defendant Roadtex failed to pay minimum wage as required by the FLSA during at least one workweek in the last three years.

17.     Named Plaintiff will fairly and adequately protect the interests of Collective Action Plaintiffs, because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class.   Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

18.     No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action.   The class will be easily identifiable from Defendant Roadtex's records.

19.     Similarly situated employees are known to Defendant Roadtex, are readily

identifiable by Defendant Roadtex, and can be located through Defendant Roadtex's records. Named Plaintiff does not know the exact size of the potential class, as such information is in the exclusive control of Defendant Roadtex; however, on information and belief, the number of potential class members is estimated to be in the thousands.

20.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.   Among the questions of law and fact that are common to the class is whether Defendant Roadtex failed to pay the putative class the minimum wage for all hours worked, by (1) Defendant Roadtex failing to compensate newly hired drivers for time spent during the initial orientation; and (2) Defendant Roadtex failing to compensate newly hired drivers at least the federal minimum wage for all compensable time worked during the training program.

21.     Collective Action Plaintiffs should be broken into 2 subclasses consisting of the following.  Most class members will be members of both subclasses.

        a.     <u>Initial Orientation Plaintiffs</u>: Members of this subclass are similarly situated because all Initial Orientation Plaintiffs were subject to the violations detailed under "SUBHEADING 1" of this Complaint within the last three years, in violation of the FLSA.  Named Plaintiff will act as representatives of this subclass.

        b.     <u>Training Plaintiffs</u>:  Members of this subclass are similarly situated because all Training Plaintiffs were subject to the violations detailed under "SUBHEADING 2" of this Complaint within the last three years, in violation of the FLSA. Named Plaintiff will act as representatives of this subclass.

22.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

23.     The foregoing paragraphs are incorporated herein as if set forth in full.

24.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Named Plaintiff brings his claim for relief on behalf of himself and those similarly situated ("Class Plaintiffs").

25.     Specifically, Named Plaintiff seeks to represent a class of all persons who worked or work for Defendant Roadtex as New Jersey employees in the past two years and who were denied minimum wage and overtime compensation as required by the New Jersey Wage and Hour Law and the New Jersey Wage Payment and Collection Law (collectively "New Jersey Wage Laws").

26.     All over-the-road truck drivers of Defendant Roadtex are deemed employees of New Jersey because all drivers (1) had their employment application processed in New Jersey; (2) reported to a manager located in New Jersey; (3) reported their hours worked to Defendants' headquarters in New Jersey; (4) had their pay calculated by Defendants' headquarters in New Jersey; and (5) received their pay directly from New Jersey. Moreover, all decisions regarding the drivers' employment, including hiring, driving assignments, and termination, were made in New Jersey.

27.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is

6

estimated to be in the hundreds.

28.     Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was an employee of Defendant Roadtex in New Jersey who was harmed as a result of Defendant Roadtex (1) failing to pay minimum wage for all hours worked while in the training program and orientation; and (2) failing to pay at least 1.5 times the minimum wage for all hours worked in excess of 40 hours per week during orientation and the training program, in violation of the New Jersey Wage Laws.

29.     Class Plaintiffs should be broken into 2 subclasses consisting of the following.  Most class members will be members of both subclasses.

a.     <u>Initial Orientation Plaintiffs</u>: Members of this subclass are similarly situated because all Initial Orientation Plaintiffs were subject to the violations detailed under "SUBHEADING 1" of this Complaint within the last two years, in violation of the New Jersey Wage Laws.  Named Plaintiff will act as representatives of this subclass.

b.     <u>Training Plaintiffs</u>:  Members of this subclass are similarly situated because all Training Plaintiffs were subject to the violations detailed under "SUBHEADING 2" and "SUBHEADING 3" of this Complaint within the last two years, in violation of the New Jersey Wage Laws. Named Plaintiff will act as representatives of this subclass.

30.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes in the trucking industry.

31.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.   The class will be easily identifiable from Defendants' records.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.   Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant Roadtex.   Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant Roadtex.

33.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.   Among the questions of law and fact that are common to the class is whether Defendant Roadtex violated the New Jersey Wage Payment Collection Law and the New Jersey Wage and Hour Act by (1) failing to pay any compensation to newly hired drivers for the mandatory orientation; (2) failing to pay minimum wage for all hours worked during training; and (3) failing to pay at least time and one half of minimum wage for all hours worked over 40 per workweek during training.

34.     Therefore, Named Plaintiff should be permitted to to bring these claims as a class action pursuant to FRCP 23(b)(2) and Rule 23(b)(3).

## FACTUAL BACKGROUND

35.     The foregoing paragraphs are incorporated herein as if set forth in full.

36.     Upon information and belief, Defendant Roadtex has maintained the unlawful pay system described herein for at least the last three years.

37.     Named Plaintiff and Collective Action Plaintiffs were subjected to an unlawful compensation system to which Defendants subjected all of their over-the-road drivers as described *infra*.

38.     Named Plaintiff and Collective Action Plaintiffs were all over-the-road commercial truck drivers employed by Defendant Roadtex and were all subjected to the policies discussed herein within the last three years.

39.     Named Plaintiff was hired by Defendant Roadtex in 2013 and was subjected to the violations asserted herein within the last two years.

## SUBHEADING 1
## FAILURE TO PAY FOR INITIAL ORIENTATION

40.     The foregoing paragraphs are incorporated herein as if set forth in full.

41.     Defendant Roadtex required its newly hired drivers to attend a 5-day orientation program.

42.     During this initial orientation program, Defendant Roadtex required Named Plaintiff and Initial Orientation Plaintiffs to attend classes regarding the rules and procedures of Defendant Roadtex.  The classes lasted approximately 8-10 hours per day.

43.     Prior to the completion of the multi-day orientation, Named Plaintiff and Initial

9

Orientation Plaintiffs were required to provide Defendant Roadtex a completed W4 and other initial hiring paperwork.

44.     At the end of each day of orientation, Named Plaintiff and Initial Orientation Plaintiffs were required to complete a written examination consisting of approximately 50 questions.

45.     Defendant Roadtex informed Named Plaintiff and Initial Orientation Plaintiffs that upon successful completion of the orientation program, they were guaranteed a job at Defendant Roadtex.

46.     Upon successful completion of the 5-day orientation program, Named Plaintiff and Initial Orientation Plaintiffs were required to complete a road evaluation.  The road evaluation took about 30 minutes, but Defendant required Named Plaintiff and Initial Orientation to report to the location to take the examination hours before the evaluation occurred, requiring that Named Plaintiff and Initial Orientation Plaintiffs remained engaged to wait for several hours prior to the examination.

47.     Defendant Roadtex informed Named Plaintiff and Initial Orientation Plaintiffs that they were "hired" and would begin Defendant Roadtex's training program following the successful completion of the road evaluation.

48.     Defendant Roadtex failed to compensate Named Plaintiff and Initial Orientation Plaintiffs *at all* for all the time spent working as discussed under this subheading.

### SUBHEADING 2
### FAILURE TO PAY MINIMUM WAGE FOR TRAINING

49.     The foregoing paragraphs are incorporated herein as if set forth in full.

50.     During Defendant Roadtex's training program, Defendant Roadtex required Named

Plaintiff and Training Plaintiffs drive over-the-road for fifty dollars per day.

51.     During the training period, Named Plaintiff and Training Plaintiffs reported their status to Defendant Roadtex via their DOT logbooks, accurate time logs which Defendant Roadtex and the Department of Transportation mandate be maintained.

52.     Upon information and belief, the logs were received by Defendant Roadtex at its headquarters in New Jersey.

53.     Named Plaintiff and Training Plaintiffs were required to remain on assignment continually for more than 24 hours. (*see* 29 C.F.R. § 785.22).

54.     Throughout the training, Named Plaintiff and Training Plaintiffs were confined to the general area of their assigned truck for more than 24 consecutive hours.

55.     Per 29 C.F.R. § 785.22, the maximum amount of time an employer may dock an employee who is on assignment for more than 24 hours for sleeping and meal periods is 8 hours per day.  The remaining amount of time (16 hours per day) is work time and must be paid.

56.     Furthermore, Named Plaintiff and Training Plaintiffs rarely received five hours of uninterrupted sleep, and hence, all time logged in the sleeper berth should have been paid.

57.     Moreover, Named Plaintiff and Training Plaintiffs regularly worked more than 16 hours per day because they were required to (1) drive the truck for approximately 11 hours per day; (2) wait for cargo while being limited to the truck and not being permitted to leave the truck; (3) fuel up the vehicle and perform routine maintenance to same; and (4) remain inside the truck when stopped overnight to log time in the sleeper berth and to protect Defendant Roadtex's and its customer's property.

58.     Per the applicable federal minimum wage, Defendant Roadtex was required to compensate Named Plaintiff and Training Plaintiffs at least $116 per day ($7.25 x 16 hours).

59.     Defendant Roadtex paid Named Plaintiff and Training Plaintiffs a daily rate below $75 per day during training.

**SUBHEADING 3**
**FAILURE TO PAY AT LEAST TIME AND ONE HALF OF MINIMUM WAGE FOR**
**HOURS WORKED OVER 40 PER WORKWEEK**

60.     The foregoing paragraphs are incorporated herein as if set forth in full.

61.     During Defendant Roadtex's training program, Defendant Roadtex required Named Plaintiff and Class Plaintiffs drive over-the-road for fifty dollars per day.

62.     Named Plaintiff and Class Plaintiffs were required to remain on assignment continually for more than 24 hours. (*see* 29 C.F.R. § 785.22)

63.     Per 29 C.F.R. § 785.22, the maximum amount of time an employer may dock an employee who is on assignment for more than 24 hours for sleeping and meal periods is 8 hours per day.  The remaining amount of time (16 hours per day) is work time and must be paid.

64.     Furthermore, Named Plaintiff and Class Plaintiffs rarely received five hours of uninterrupted sleep, and hence, all time logged in the sleeper berth should have been paid.

65.     Named Plaintiff and Class Plaintiffs regularly spent 5-6 days per workweek over-the-road, on assignment.

66.     Moreover, Named Plaintiff and Training Plaintiffs regularly worked more than 16 hours per day because they were required to (1) drive the truck for approximately 11 hours per day; (2) wait for cargo while being limited to the truck and not being permitted to leave the truck; (3) fuel

12

up the vehicle and perform routine maintenance to same; and (4) remain inside the truck when stopped overnight to log time in the sleeper berth and to protect Defendant Roadtex's and its customer's property.

67.     Under the New Jersey Wage and Hour Law, all drivers are entitled to an overtime rate of $10.875 per hour for each hour worked over 40 per workweek ($7.25 x 1.5).  *See* N.J.S.A. 12:56-19.3.

68.     Named Plaintiff and Class Plaintiffs worked between 80 – 96 hours per week, but Defendant Roadtex only paid Named Plaintiff and Class Plaintiffs $350 per week.  The least amount Named Plaintiff and Class Plaintiffs should have been paid is: $725 - $899 per week.

**COUNT I**
**<u>Violations of the Fair Labor Standards Act</u>**
**(Named Plaintiff and Collective Action Plaintiffs v. Defendants)**
**(Minimum Wage)**

69.     The foregoing paragraphs are incorporated herein as if set forth in full.

70.     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

71.     At all times relevant herein, Named Plaintiff and Collective Action Plaintiffs were/are "employees" within the meaning of the FLSA.

72.     The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Collective Action Plaintiffs, at the federal minimum wage rate for each hour worked.

73.     As a result of Defendants' company-wide practices and policies of paying its

employees below the minimum wage for all hours worked each workweek, Named Plaintiff and Collective Action Plaintiffs have been harmed.

74.     John Does 1-5 are jointly and individually liable for Defendant Roadtex's failure to compensate Named Plaintiff and Collective Action Plaintiffs at least the federal minimum wage for all hours worked because they directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices which violated the FLSA.

75.     John Does 6-10 are jointly and individually liable for Defendant Roadtex's failure to compensate Named Plaintiff and Collective Action Plaintiffs at least the federal minimum wage for all hours worked because they had control over processing payroll for Named Plaintiff and Collective Action Plaintiffs.

76.     Defendants willfully failed to compensate Named Plaintiff and Collective Action Plaintiffs the federal minimum wage.

77.     As a result of Defendants' failure to compensate Named Plaintiff and Collective Action Plaintiffs at the federal minimum wage rate, Defendants have violated and continue to violate the FLSA.

**COUNT II**
**Violations of the New Jersey Wage and Hour Law**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**
**(Minimum Wage and Overtime)**

78.     The foregoing paragraphs are incorporated herein as if set forth in full.

79.     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the New Jersey Wage and Hour Law (NJWHL).

80.     At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are "employees" within the meaning of the NJWHL.

81.     The NJWHL requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Class Plaintiffs, at the state minimum wage rate for each hour worked.

82.     The NJWHL requires employers, such as Defendants, to compensate trucking industry employees at least 1.5 times the applicable minimal wage for all hours worked by a trucking employee in excess of 40 hours per workweek.

83.     As a result of Defendants' company-wide practices and policies of paying its employees below the minimum wage as required by the NJWHL for all hours worked each workweek, Named Plaintiff and Class Plaintiffs have been harmed.

84.     As a result of Defendants' company-wide practices and policies of paying its trucking employees below $10.875 ($7.25 x 1.5) per hour for all hours worked over 40 per workweek, as required by the NJWHL, Named Plaintiff and Class Plaintiffs have been harmed.

85.     John Does 1-5 are jointly and individually liable for Defendant Roadtex's failure to compensate Named Plaintiff and Class Plaintiffs at least the federal minimum wage for all hours worked because they directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices which violated the NJWL.

86.     John Does 6-10 are jointly and individually liable for Defendant Roadtex's failure to compensate Named Plaintiff and Class Plaintiffs at least the federal minimum wage for all hours worked because they had control over processing payroll for Named Plaintiff and Class Plaintiffs.

15

87.     As a result of Defendants' failure to compensate Named Plaintiffs and Class Plaintiffs in accordance with the NJWHL, Defendants have violated and continue to violate the NJWHL.

### COUNT III
### Violations of the New Jersey Wage Payment Collection Law
**(Named Plaintiff and Class Plaintiffs v. Defendants)**
**(Failure to pay Wages)**

88.     The foregoing paragraphs are incorporated herein as if set forth in full.

89.     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the New Jersey Wage Payment Collection Law (NJWPCL).

90.     At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are "employees" within the meaning of the NJWPCL.

91.     Defendants failed to pay Named Plaintiff and Class Plaintiffs all wages earned, as discussed *supra*.

92.     As a result of Defendants' failure to compensate Named Plaintiffs and Class Plaintiffs all wages due, Defendants have violated and continue to violate the NJWPCL.

**WHEREFORE**, Named Plaintiffs, Collective Action Plaintiffs, and Class Plaintiffs pray that this Court enter an Order:

1)  Certifying the instant action as a "collective action" pursuant to the Fair Labor Standards Act;

2)  Certifying the instant matter as a "class action" pursuant to Federal Rule of Civil Procedure 23;

3) Enjoining Defendant Roadtex from continuing to maintain its illegal policy, practice, or customs in violation of federal and state law;

4) Providing that Defendant Roadtex is to compensate, reimburse, and make Named Plaintiffs and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

5) Awarding Named Plaintiffs and Collective Action Plaintiffs liquidated damages pursuant to the laws they are suing under in an amount equal to the actual damages in this case;

6) Awarding Named Plaintiffs and Collective Action Plaintiffs the costs and expenses of this action and reasonable legal fees as provided by applicable law; and,

7) Awarding Named Plaintiffs and Collective Action Plaintiffs all other relief as the Court deems appropriate and just.

Respectfully Submitted,

**SWARTZ SWIDLER, LLC**

*/s Justin  L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
856-685-7420
Attorneys for Plaintiffs

July 1, 2013